Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant worked as a junior accountant for an organization that assists disabled individuals. He was terminated for insubordination after he -refused to run an errand to make a deposit of petty cash into the organization’s bank account. The Department of Labor issued an initial determination denying his application for unemployment insurance benefits on the ground that he was disqualified from receiving them because his employment was terminated due to misconduct. An Administrative Law Judge sustained this determination following a hearing and the Unemployment Insurance Appeal Board affirmed. Claimant now appeals.
Initially, we note that “[a]n employee’s failure to comply with an employer’s reasonable request may constitute insubordination rising to the level of disqualifying misconduct” (Matter of Ortiz [New York Eye & Ear Infirmary—Commissioner of Labor], 97 AD3d 885, 886 [2012]; see Matter of Tosca [Commissioner of Labor], 81 AD3d 1061, 1061-1062 [2011]). Here, the employer’s witnesses testified that claimant flatly refused to comply with the employer’s request to make a cash deposit at the bank, which was a part of his regular job duties, and he indicated that he did not wish to perform this task any longer. According to these witnesses, claimant had previously engaged in similar insubordinate conduct for which he had received warnings and was warned at the time of the incident in question that his continued failure to comply with the employer’s request would result in his termination. Claimant’s assertion that he refused to make the deposit because he was overwhelmed at the time with more important tasks presented a credibility issue for resolution by the Board (see Matter of Aguasvivas [Commissioner of Labor], 98 AD3d 787, 787-788 [2012]). Inasmuch as claimant failed to demonstrate a compelling reason for his failure to follow the employer’s directive, substantial evidence supports the Board’s decision and we decline to disturb it (see Matter of Smith *987 [Rochester Inst. of Tech.—Commissioner of Labor], 68 AD3d 1431, 1432 [2009]; Matter of Simkhayeva [Touro Coll.—Commissioner of Labor], 65 AD3d 1415 [2009]).
Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.